**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5434-17T3

KIRK EADY,

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
POLICE AND FIREMEN'S
RETIREMENT SYSTEM,

     Respondent-Respondent.

_____

Argued November 12, 2019 – Decided January 17, 2020

Before Judges Sumners and Natali.

On appeal from the Board of Trustees of the Police and Firemen's Retirement System, Department of the Treasury, PFRS No. 3-68240.

Thomas R. Ashley argued the cause for appellant.

Porter Ross Strickler, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Porter Ross Strickler, on the brief).

PER CURIAM

Appellant Kirk Eady appeals from the June 12, 2018 final agency decision of the Board of Trustees (Board), Police and Firemen's Retirement System (PFRS), applying N.J.A.C. 17:1-1.3(d) to deny as untimely his administrative appeal of its March 17, 2016 decision imposing a partial forfeiture of his PFRS service and salary credit due to misconduct, and its September 14, 2016 decision not to waive the time limitation period to allow an appeal. We affirm.

In November 1990, Eady began employment with the County of Hudson (County) as a correctional officer and became enrolled in the PFRS. About fifteen years later in 2005, he was appointed to the position of Deputy Director of the Hudson County Correctional Center.

In January 2014, immediately following the filing of a federal criminal complaint charging Eady with one count of illegal wiretapping, 28 U.S.C.S. § 2511(1)(a), arising from his employment, the County issued disciplinary charges against him and suspended him without pay. Eady then applied for retirement from the County, effective February 1, 2014, which he later withdrew.

Following a jury trial, Eady was found guilty on March 13, 2015. Eady refiled for service retirement effective May 1, 2015. The request was held in abeyance pending the resolution of his criminal charges. Eady was sentenced

on September 10, 2015 to a twenty-one-month prison term. His conviction was later upheld on appeal. United States v. Eady, No. 15-3287, 2016 U.S. App. LEXIS 8151 (3d Cir. May 4, 2016), 648 F. App'x. 188 (3d Cir. 2016).

While Eady was imprisoned in a federal prison, the Board mailed him a January 15, 2016 letter to his address at the Federal Bureau of Prisons, stating that at its meeting on March 14, 2016, it "will review the criminal charges filed against [him] as it relates to honorable service in accordance with N.J.S.A. 43:1-3" and "consider [his] application for [s]ervice retirement benefits."

On February 19, 2016, the Law Division entered an order forfeiting Eady's employment with the County due to his federal conviction.

In a March 17, 2016 letter mailed to Eady's federal prison address, the Board memorialized its March 14, 2016 decision that Eady's County service as Deputy Director from January 1, 2005 through his termination was dishonorable under N.J.S.A. 43:1-3 and was therefore forfeited. The letter further advised him of a forty-five days' time limitation to submit an administrative appeal if he disagreed with the Board's determination.

Eady did not submit an administrative appeal by the May 2, 2016 forty-five-day deadline. Over two months later, however, his counsel submitted a letter to the Board administratively appealing its decision to partially forfeit

Eady's service and salary credits. The letter did not explain why the appeal was late, nor was there a request to waive the time limitation period to file an appeal.

At its September 12, 2016 meeting, the Board denied Eady's appeal as being untimely submitted. The Board sent his counsel a September 14, 2016 letter advising him of the denial and that its March 14, 2016 decision was final. The letter further indicated that failure to submit a written statement appealing the determination within forty-five days would make the decision final.

Over five months after expiration of the October 3, 2016 deadline to appeal the Board's September 12, 2016 decision, Eady's counsel submitted an April 7, 2017 letter requesting a hearing before the Board because Eady had been released from federal custody. The letter did not mention any legal or factual basis for requesting a hearing to challenge any of the Board's decisions on March 14, 2016 or September 14, 2016.

The Board promptly replied to Eady's counsel with an April 24, 2017 letter detailing its proceedings regarding Eady's service and salary credits since January 2016 and concluded that Eady's right to administratively appeal its prior determinations remained denied as untimely.

In turn, Eady's counsel submitted an April 29, 2017 letter to the Board indicating that he had not received its decision to his July 11, 2016 letter seeking

4

an appeal of its March 14, 2016 decision. The letter also asked that if the Board had issued a decision to his July 2016 request, would it consent to the filing of a late notice of appeal to our court.

In a May 10, 2017 letter to Eady's counsel, the Board forwarded copies of its correspondence dated: September 17, 2016 – advising counsel of its September 14, 2016 determination denying his July 11 appeal as untimely; and April 29, 2017 – detailing the procedural history of Eady's pension application.

Almost five months later, Eady's counsel sent an October 2, 2017 letter to the Board repeating the statements made in his April 29, 2017 letter that he has no record of a response to his July 11, 2016 appeal request. There is no record of the Board responding to that letter.

Almost six months thereafter, Eady's counsel wrote to the Board in a March 26, 2018 letter, advising that Eady was seeking an appeal to the Office of Administrative Law (OAL) by requesting a contested hearing regarding the Board's partial forfeiture of his pension and the decision denying his request to file a late administrative appeal of the partial forfeiture ruling. The Board denied the request for an OAL hearing at its meeting on May 14, 2018, and advised counsel of the decision in a May 16, 2016 letter, which also indicated the Attorney General's Office will prepare a "Finding of Facts and Conclusions of

Law that will formally outline the Board's decision and become . . . [its] final administrative determination."

In its June 12, 2018 six-page final agency decision, the Board confirmed rejection of the OAL hearing request and detailed the procedural history of Eady's pension application as noted above. Further, based upon its application of N.J.A.C. 17:1-1.3(d), the Board explained that Eady's March 26, 2018 administrative appeal of the Board's 2016 decisions was not filed within forty-five days of the decisions and "that neither out of time appeal has provided any reason, let alone good cause, for why the [forty-five] day timeframe for appeal was not met."

Before us, Eady argues there was no factual basis that the July 11, 2016 appeal was untimely. We disagree.

The scope of our review in an appeal from a final decision of an administrative agency is limited. Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011) (citing In re Herrmann, 192 N.J. 19, 27 (2007)). We accord deference to the Board's fact-finding, Circus Liquors, Inc. v. Governing Body of Middletown Twp., 199 N.J. 1, 9-10 (2009), and do not upset its decision if it is neither "arbitrary, capricious, or unreasonable, or . . . lacks

A-5434-17T3

fair support in the record[,]" Russo, 206 N.J. at 27 (quoting Herrmann, 192 N.J. at 27-28 (2007)).

Based on the record presented, we are satisfied "the evidence and the inferences to be drawn therefrom support" the final decision that Eady's appeals of the Board's decisions were untimely in accordance with N.J.A.C. 17:1-1.3(d). Eady has not shown the Board violated express or implied legislative policies, or acted arbitrarily, capriciously, or unreasonably, in its final agency decision. Nor does he deny receiving the Board's notification of its March 14, 2016 decision partially forfeiting PFRS service and salary credits, or the September 14, 2016 decision rejecting his request to waive the forty-five-day time limitation period to appeal the partial forfeiture ruling. Eady provides no explanation why his initial July 11, 2016 appeal to the Board as well as his subsequent challenges to the Board's rulings should not be declared untimely or warrant relief from the application of N.J.A.C. 17:1-1.3(d). Thus, we will not disturb the Board's final agency decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5434-17T3